IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-02685-GPG-CYC

ARTHUR WALKER,

Plaintiff,

v.

EDGAR RODRIGUEZ-BECERRA,

Defendant.

---

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

**Cyrus Y. Chung, United States Magistrate Judge.**

Plaintiff Arthur Walker alleges that defendant Edgar Rodriguez-Becerra, a case manager at the Bent County Correctional Facility ("BCCF"), retaliated against him by threatening to poison his food and refusing to reclassify him to allow for transfer to a lower-level facility. ECF No. 7 at 5–6. Because the plaintiff has failed to establish a triable issue of fact as to necessary elements of his retaliation claim regarding his reclassification, the Court recommends that the defendant's motion for summary judgment, ECF No. 62, be granted as to the plaintiff's allegation that the defendant retaliated by refusing to reclassify him. But because the defendant does not adequately develop his argument as to the defendant's poisoning threat, the Court recommends that the motion be denied as to that portion of the plaintiff's claim.

## LEGAL STANDARD

A district court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986).

"A fact is material if under the substantive law it is essential to the proper disposition of the claim." *Wright ex rel. Tr. Co. of Kan. v. Abbott Lab'ys, Inc*., 259 F.3d 1226, 1231–32 (10th Cir. 2001) (quotation marks omitted). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. The dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. "The moving party has both the initial burden of production on a motion for summary judgment and the burden of establishing that summary judgment is appropriate as a matter of law." *Kannady v. City of Kiowa*, 590 F.3d 1161, 1169 (10th Cir. 2010) (quotation marks omitted).

If the moving party satisfies its initial burden, the non-moving party "may not rest on its pleadings, but must bring forward specific facts showing a genuine issue for trial as to those dispositive matters for which it carries the burden of proof." *Id.* (quotation marks omitted). The specific "facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein." *Libertarian Party of N.M. v. Herrera*, 506 F.3d 1303, 1309 (10th Cir. 2007). Affidavits and testimony "must be based upon personal knowledge and set forth facts that would be admissible in evidence; conclusory and self-serving affidavits are not sufficient." *Tucker v. Faith Bible Chapel Int'l*, 36 F.4th 1021, 1030–31 (10th Cir. 2022) (quotation marks omitted).

The plaintiff does not do so. More than a month after his response was due, the defendant filed a notice about the elapsed deadline, specifically warning that, as a result, the Court could either construe the defendant's proffered facts as true or dismiss the case pursuant to Fed. R. Civ. P. 41(b). ECF No. 64 at 1–2. Almost two months have since passed. The plaintiff filed no response.

That does not mean that the plaintiff has offered nothing. His amended complaint is signed under penalty of perjury, ECF No. 7 at 6, and "[a] district court may treat a verified complaint as an affidavit for purposes of summary judgment if it satisfies the standards for affidavits set out in Rule 56[(c)(4)]." *Lantec, Inc. v. Novell, Inc*., 306 F.3d 1003, 1019 (10th Cir. 2002). Under that rule, an affidavit "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). But "a district court need not treat a verified complaint as an affidavit if the allegations contained in the pleading are merely conclusory." *Lantec, Inc*., 306 F.3d at 1019. Accordingly, the Court considers the amended complaint to the extent it meets Rule 56(c)(4)'s requirements and offers something more than conclusory and self-serving statements. *See Thomas v. U.S. Bureau of Prisons*, 282 F. App'x 701, 704 (10th Cir. June 24, 2008) (unpublished).

In doing so, the Court construes the pro se plaintiff's pleadings "liberally" and holds them "to a less stringent standard than formal pleadings drafted by lawyers," *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). But courts "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf," *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110), nor act as a pro se litigant's advocate. *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008). Further, "[a]lthough our summary judgment standard requires us to view the facts in the light most favorable to the non-moving party, it does not require us to make unreasonable inferences in favor of the non-moving party." *Carney v. City & Cnty. of Denver*, 534 F.3d 1269, 1276 (10th Cir. 2008).

**FACTS**

Because a district court is tasked with determining whether there is a genuine dispute as to any material fact, Fed. R. Civ. P. 56(a), the Federal Rules of Civil Procedure require a party "asserting that a fact . . . is genuinely disputed" to "support the assertion by . . . citing to particular parts of materials in the record." Fed. R. Civ. P. 56(c). The presiding judge's Practice Standards further require particular denials or admissions of a movant's proposed set of undisputed facts by a party opposing summary judgment with specific citations to evidence in the record. GPG Civ. Practice Standard 7.1D(b)(4). The plaintiff's lack of response to the defendant's motion means that the Court may consider any unchallenged facts the defendant offers to be undisputed for this motion. Fed. R. Civ. P. 56(e)(2).

So considered, the following facts are undisputed and identified by reference to "particular parts of materials in the record," Fed. R. Civ. P. 56(c)(1)(A), viewed in the light most favorable to the plaintiff.

The plaintiff, a Colorado Department of Corrections ("CDOC") inmate, filed this lawsuit under 42 U.S.C. § 1983 on September 27, 2024. ECF No. 1. At that time, he was housed at BCCF. *Id*. at 2. His claim against the defendant alleges that the defendant retaliated against him while he was housed at the BCCF because he filed grievances and lawsuits against the defendant and other employees of the CDOC. ECF No. 7 at 5–6. He seeks compensatory and punitive damages, as well as injunctive relief in the form of a transfer to a lower-level facility. *Id*. at 9.

The defendant was the plaintiff's case manager for about six months in 2024. ECF No. 62 at 2. On September 4, 2024, the defendant reached out to CDOC employees regarding the plaintiff's classification and desire to be moved to a lower-level facility. *Id*.; ECF No. 62-3 at 1. A week later, a CDOC employee informed the defendant that the plaintiff was properly classified. ECF No. 62 at 3; ECF No. 62-3 at 2.

4

Prior to entering BCCF, the plaintiff was a sex offender code 5L, which would have permitted transfer to a minimum restrictive facility. ECF No. 61 at 3; ECF No. 62-1 ¶ 5. By the time the plaintiff entered BCCF, he was a sex offender code 5R, which would not allow such a transfer. *See* ECF No. 61 at 3; ECF No. 62-1 ¶ 5. CDOC administrators of the Sex Offender Treatment and Monitoring Program are the only officials that have the authority to change the plaintiff's code. ECF No. 61 at 3; ECF No. 62-1 ¶ 6. The defendant had neither this authority nor any authority as to the timing of any transfer. ECF No. 61 at 3; ECF No. 62-1 ¶ 6.

On September 18, 2024, the plaintiff met with the defendant and asked to be reclassified and transferred "to a level 2 facility." ECF No. 7 at 5. What happened next is the subject of some dispute: the plaintiff maintains that the defendant told him that he would not reclassify the plaintiff due to grievances and lawsuits the plaintiff had filed against the defendant and his supervisor. *Id*. The defendant says instead that he explained to the plaintiff that he lacked authority to have him moved, but the plaintiff refused to listen and threatened to file a grievance against the defendant. ECF No. 61 at 4; ECF No. 62-1 ¶ 7. The plaintiff also avers that the defendant threatened to poison his food because of the aforementioned grievances and lawsuits, *id*., but the defendant denies making any such threats. ECF No. 62-1 ¶ 9. Case managers do not have access to an inmate's food and could not poison food in the facility dining hall. ECF No. 62 at 4; ECF No. 62-1 ¶ 12.

The plaintiff suffered no physical injury resulting from the defendant's actions. ECF No. 62 at 4.

## ANALYSIS

The defendant argues that the plaintiff fails to establish the elements of a retaliation claim. ECF No. 62 at 4–7. The argument is correct as to the plaintiff's allegation that he was not

reclassified in retaliation for filing grievance and lawsuits, but it is not well-developed enough with regard to the plaintiff's allegation that the defendant threatened to poison him.

"Government retaliation against a plaintiff for exercising his or her First Amendment rights may be shown by proving the following elements: (1) that the plaintiff was engaged in constitutionally protected activity; (2) that the defendant's actions caused the plaintiff to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) that the defendant's adverse action was substantially motivated as a response to the plaintiff's exercise of constitutionally protected conduct." *Shero v. City of Grove*, 510 F.3d 1196, 1203 (10th Cir. 2007). "[A]n inmate is not inoculated from the normal conditions of confinement experienced by convicted felons serving time in prison merely because he has engaged in protected activity." *Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998). Accordingly, the plaintiff must show "*specific facts* showing retaliation because of the exercise of the prisoner's constitutional rights," *id*. (quotation marks omitted), including facts demonstrating that the defendant's "alleged retaliatory motives were the 'but for' cause of" his actions. *Id*.

Here, the plaintiff alleges two bases for his retaliation claim. First, he alleges that the defendant threatened to poison his food in retaliation for filing grievances and lawsuits against various CDOC employees. ECF No. 7 at 5–6. The defendant recognizes this, *see* ECF No. 62 at 1, but fails to address this basis for the claim separately from the basis of the defendant not reclassifying the plaintiff. It is true that the only evidence offered in support of the threat of poisoning is the plaintiff's verified complaint. ECF No. 7 at 5. After all, the plaintiff never responded to the defendant's motion for summary judgment. One could imagine arguments to be levied against such a quantum of proof, but the Court "cannot 'construct arguments or theories

for [a party] in the absence of any discussion of those issues.'" *Cellect, LLC v. Samsung Elecs. Co., Ltd.*, No. 19-cv-00438-DDD-CYC, 2026 WL 951419, at *3 (D. Colo. Feb. 13, 2026) (quoting *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991)). It is unclear whether such arguments would succeed on their merits, *see, e.g.*, *Walker v. Mozatti*, No. 18-cv-03292-RBJ-MEH, 2020 WL 638859, at *4–5 (D. Colo. Feb. 11, 2020) (denying summary judgment based on allegation of threats to poison food for filing grievances), but without an effort from the defendant on this front, the Court cannot make such a determination. As a result, to the extent the motion asks for summary judgment on the plaintiff's retaliation claim based on the threat, it should be denied.

The plaintiff's other basis for his retaliation claim is rooted in the defendant not changing his classification so he could be transferred to another facility. ECF No. 7 at 5. Here, the undisputed evidence establishes that the defendant was not authorized to "reclass" the plaintiff, ECF No. 62-1 ¶¶ 5–6, and that he contacted CDOC employees regarding the plaintiff's request to be "reclassed" and those individuals stated that the plaintiff was "appropriately coded." ECF No. 62-3 at 2. Such evidence demonstrates that the defendant neither had the power to take the retaliatory action alleged nor acted consistent with a retaliatory motive, regardless of whether he said he was going to take such action. Given this evidence, the plaintiff cannot sit on his hands — he must offer some counterevidence. *Strope v. McKune*, 382 F. App'x 705, 710 (10th Cir. 2010) (unpublished). He has not. "Keeping in mind the rigorous burden placed on [the plaintiff] to show not only that a retaliatory motive may have played some role in [the failure to] transfer [him] but that such a motive was the strict but-for cause of his transfer," *Strope v. Cummings*, 381 F. App'x 878, 884 (10th Cir. 2010), the plaintiff's failure to offer any such evidence warrants summary judgment against him. *See Dawson v. Audet*, 636 F. App'x 753, 758 (10th

Cir. 2016) (unpublished) (teaching that summary judgment was appropriate when a prisoner failed to show specific facts demonstrating that the alleged retaliation was because of the exercise of constitutional rights).

In all events, the plaintiff's request for compensatory damages, ECF No. 7 at 9, cannot stand because he alleges no physical injury stemming from the defendant's alleged retaliatory actions. *Perkins v. Kan. Dep't of Corrs.*, 165 F.3d 803, 807 (10th Cir. 1999). While the plaintiff alleges that he is "in fear of being poisoned," ECF No. 7 at 5, the Prison Litigation Reform Act provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e); *see Searles v. Van Bebber*, 251 F.3d 869, 876 (10th Cir. 2001). Therefore, to the extent the plaintiff's retaliation claim premised on the alleged threat moves forward, the plaintiff's relief must be limited to nominal and punitive damages. *See, e.g.*, *Janny v. Gamez*, No. 16-cv-2840-RM-SKC, 2023 WL 7551558, at *5 (D. Colo. Nov. 14, 2023).

## CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** granting in part Defendant's Motion for Summary Judgment, ECF No. 62. [1] Specifically, the Court recommends that

---

[1] Be advised that all parties shall have fourteen days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive, or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676–83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen days after being served with a copy may bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are

summary judgment be granted to the defendant on the retaliation claim insofar as it is based on the failure to reclassify him and that the plaintiff's relief be limited to nominal and punitive damages. The Court recommends that summary judgment be denied on the retaliation claim to the extent it is based on the threat to poison the plaintiff.

Respectfully submitted this 24th day of April, 2026, at Denver, Colorado.

BY THE COURT:

Cyrus Y. Chung
United States Magistrate Judge

---

accepted or adopted by the District Court. *Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir. 2008) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)). <u>Finally, all parties must consult and comply with the District Judge's practice standards for any specific requirements concerning the filing and briefing of objections.</u>